UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHRISTOPHER MICHAEL COTE, | Case No.  14-cv-05413-RMW |
| Debtor. | Bankruptcy Case No. 12-53464-SLJ |
| | Chapter 7 |
| CHRISTOPHER MICHAEL COTE, | Adv. Pro. No. 13-05078 |
| Plaintiff and Appellant, | |
| v. | **ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT** |
| EMPLOYMENT DEVELOPMENT DEPARTMENT, | Re: Dkt. No. 5 |
| Defendant and Appellee. | |

Before the court is an appeal by Christopher Cote from a judgment entered by the Hon. Stephen L. Johnson of the Bankruptcy Court for the Northern District of California. The judgment held that all four types of tax owed by appellant: unemployment insurance tax, employment training tax, state disability insurance withholdings, and state personal income tax withholdings, are non-dischargeable through bankruptcy. This court has jurisdiction under 28 U.S.C. § 158(a). For the reasons set forth below, the court AFFIRMS the bankruptcy court's judgment.

United States District Court
Northern District of California

United States District Court
Northern District of California

# I.      BACKGROUND

This dispute centers on the dischargeability of tax liability owed by appellant Christopher Cote to the California Employment Development Department ("EDD"). Appellant was the president and sole shareholder of a transportation and distribution company called "Cote Distribution Systems, Inc." ("CDS"). Appellant's Appendix ("AA") 30. The EDD audited and found that CDS's drivers were employees and not independent contractors. AA 129. It then assessed retroactive tax liability on CDS for failure to withhold state employment taxes on the newly classified employees on October 21, 1988. *Id.* CDS then filed an administrative petition for reassessment of the tax liability with the California Unemployment Insurance Appeals Board ("CUIAB") (Case Number CT-12023-0001-A). AA 130. During this proceeding, Cote provided additional evidence showing employment began earlier than previously thought by the EDD. AA 349–50. The EDD revised the tax liability based on this new information and issued a larger assessment against CDS. AA 350. Cote, on behalf of CDS, and the EDD subsequently stipulated to the revised liability in 1988 ("the Stipulation") and CDS withdrew its petition from the CUIAB. AA  92, 130, 312–13, 349–50.

CDS was dissolved in 1990, and the EDD opened an audit against Cote as a responsible person for CDS. AA 93, 130. Following the audit, on October 31, 1991the EDD assessed the employment tax liability owed by CDS against Cote under California Unemployment Insurance Code ("CUIC") § 1735. AA 314. The tax liability at issue in this appeal covers the period from the second quarter of 1982 through the fourth quarter of 1987. The tax liability comprises four categories of employment tax: unemployment insurance tax, employment training tax, state disability insurance withholdings, and state personal income tax withholdings. AA 31. No tax return for this period was ever filed either by Cote or anyone on behalf of CDS. AA 291, 293. Cote thereafter filed a petition for reassessment of the tax liability against him as an individual with the CUIAB (Case Number 2100427) (formerly Case Number 2009292) on December 2, 1991. AA 128, 131.

1    A year later, appellant filed for Chapter 7 bankruptcy (Bankruptcy Case No. 92-56617) in

2    1992 and received a discharge on January 29, 1993. AA 94. CDS also filed for Chapter 7

3    bankruptcy (Bankruptcy Case No. 92-56723) in 1992 and the case was fully administered and

4    closed in March, 1997. *Id.*

5    Appellant filed for Chapter 7 bankruptcy for a second time on May 4, 2012 and received a

6    discharge on January 31, 2013. AA 95. While the second bankruptcy case was still pending, the

7    CUIAB issued a decision on Cote's petition for reassessment and upheld the 1992 proposed

8    assessment of the EDD on September 6, 2012. AA 128. The CUIAB affirmed the decision on

9    appeal on December 28, 2012. AA 125–127, 129–146.

10   On May 24, 2013 Cote filed this lawsuit in the bankruptcy court in an adversary

11   proceeding against the EDD. AA 18–24. Cote alleges three causes of action: (1) dischargeability

12   of the employment tax liability; (2) violation of the automatic stay; and (3) violation of the

13   discharge injunction. Only the first cause of action is at issue in this appeal. *Id.*

14   On March 17, 2014 Cote moved for summary judgment on the first cause of action. AA

15   72–275. On March 28, 2014 the EDD filed a cross-motion for summary judgment on the first and

16   third causes of action. AA 276–319. On April 29, 2014, the bankruptcy court denied appellant's

17   motion for summary judgment. AA 351–54. The bankruptcy court granted the EDD's cross-

18   motion and held that the state disability insurance withholdings and state personal income tax

19   withholdings are non-dischargeable "trust fund" taxes under 11 U.S.C. § 507(a)(8)(c) and

20   523(a)(1)(A). *Id.* The bankruptcy court declined to rule on the dischargeability of the

21   unemployment insurance tax and employment training tax due for lack of sufficient evidence in

22   the records. *Id.* The bankruptcy court also granted the EDD's cross-motion for summary judgment

23   as to the third cause of action for violation of the discharge injunction, without prejudice to

24   appellant bringing a properly noticed motion on that claim. *Id.*

25   On June 2, 2014 appellant filed a second motion for summary judgment on the first cause

26   of action only with respect to the dischargeability of the unemployment insurance tax and

27   employment training tax. AA 358–570. On September 12, 2014 the bankruptcy court denied

United States District Court
Northern District of California

appellant's second motion for summary judgment, finding all four types of employment tax non-dischargeable. AA 627–45.

On September 22, 2014 the bankruptcy court dismissed the remaining second cause of action pursuant to the parties' stipulation. AA 646–48. On October 31, 2014 the bankruptcy court entered a judgment in favor of the EDD. AA 735–37. On November 4, 2014 appellant filed a notice of appeal in the Bankruptcy Appellate Panel for the Ninth Circuit. AA 738–39. On November 24, 2014 the EDD elected to have the appeal heard by this court. AA 758–59. Appellant filed his opening brief on January 23, 2015, Dkt. No. 5, appellee filed a response on February 27, 2015, Dkt. No. 8, and appellant filed a reply brief on March 11, 2015, Dkt. No. 9.

## II.      ANALYSIS

### A.      Standard of Review

This court reviews the bankruptcy court's findings of fact for clear error. Fed. R. Bankr. P. 8013; *In re Acequia, Inc.*, 787 F.2d 1352, 1357 (9th Cir. 1986). Under this standard, the district court "accept[s] findings of fact made by the bankruptcy court unless these findings leave the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004). The court reviews de novo the bankruptcy court's legal conclusions and mixed questions of law and fact. *In re Lee*, 179 B.R. 149, 155 (9th Cir. B.A.P. 1995).

Lastly, the court reviews the bankruptcy court's evidentiary rulings for abuse of discretion. "[T]o reverse on the basis of an erroneous evidentiary ruling, [the court] must conclude both that the bankruptcy court abused its discretion and that the error was prejudicial." *Latman*, 366 F.3d at 786 (citing *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2004).

### B.      Unemployment Insurance Tax and Employment Training Tax are Non-Dischargeable Under 11 U.S.C. § 523(a)(1)(B)(i)

Generally, a debtor is discharged from personal liability for all debts incurred before the filing of a Chapter 7 bankruptcy petition, including liability related to unpaid taxes. *See* 11 U.S.C. § 727(b). However, the Bankruptcy Code lists two exceptions to this general rule which are

United States District Court
Northern District of California

relevant here. 11 U.S.C. § 523(a)(1)(B) specifies that a tax liability is not dischargeable through bankruptcy if it is either: (1) a tax specified in 11 U.S.C. § 507(a)(8)(C) as "tax required to be collected" from a third party; or (2) a tax for which a return is required but was not given. 11 U.S.C. § 523(a)(1)(B)(i).

Appellant first argues that unemployment insurance tax, like any tax levied upon an employer, is not a tax "required to be collected" under 11 U.S.C. § 507(a)(8)(C). Dkt. No. 5, at 10 (citing *In re Hansen*, 470 B.R. 535 (9th Cir. BAP 2012)). Second, appellant argues that the Stipulation between CDS and the EDD constitutes a return under 11 U.S.C. § 523(a)'s hanging paragraph. For reasons stated below, this court finds that the Stipulation does not constitute a return, and therefore that the unemployment insurance tax and the employment training tax are non-dischargeable for failure to file a required tax return under 11 U.S.C. § 523(a)(1)(B)(i). The court consequently finds it unnecessary to address the applicability of *In re Hansen* to this case.

11 U.S.C. § 523(a)'s hanging paragraph provides the following guidance as to the meaning of the term "return":

> For the purpose of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

In this context, "return" can therefore mean one of three things: (1) a return according to the requirements of applicable nonbankruptcy law; (2) a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986; and (3) a return as a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal. Because the parties neither identify a similar state law nor argue that the Stipulation qualifies as a return similar to a § 6020(a) return, the second definition is not relevant here. Accordingly, the court must determine whether the Stipulation qualifies as a return: (1) under applicable nonbankruptcy law; or (2) as a judgment or a final order entered by a nonbankruptcy tribunal.

United States District Court
Northern District of California

1    Before Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act of

2    2005 ("BAPCPA"), which amended 11 U.S.C. § 523(a)'s hanging paragraph, the Ninth Circuit

3    adopted a four-factor test to determine whether a document qualifies as a return under 11 U.S.C.

4    § 523(a)'s hanging paragraph. *See In re Hatton*, 220 F.3d 1057, 1060 (9th Cir. 2000) (adopting

5    test first developed in *Beard v. Commissioner*, 82 T.C. 766, 1984 WL 15573 (1984), *aff'd*, 793

6    F.2d 139 (6th Cir. 1986)). In order to qualify as a return, a document must (1) purport to be a

7    return, (2) be executed under penalty of perjury, (3) contain sufficient data to allow calculation of

8    tax, and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax laws.

9    *Id.* at 767. This court finds that the *Beard* four-factor test is authoritative in the Ninth Circuit and

10   qualifies as applicable nonbankruptcy law under 11 U.S.C. § 523(a)'s hanging paragraph. *See also*

11   *In re Smith*, No. 13-CV-871-YGR, 2014 WL 17227011 at *23 (N.D. Cal. Apr. 29, 2014) (holding

12   that because the hanging paragraph in § 523(a) does not completely define the term "return," its

13   amendment does not undermine the four-factor test or years of jurisprudence following *Beard*.).

14   The Stipulation does not qualify as a return because it does not meet the first and second

15   requirements of the *Beard* test. First, the Stipulation does not purport to be a return on its face, and

16   appellant does not argue otherwise. Second, the Stipulation was not signed by appellant, as a

17   responsible person for CDS, under penalty of perjury. The Stipulation therefore fails the *Beard*

18   test and does not constitute a return under 11 U.S.C. § 523(a)'s hanging paragraph.

19   Appellant argues that pre-BAPCPA courts in *In re Ashe*, 228 B.R. 457 (C.D. Cal. 1998)

20   and *In re Wright*, 244 B.R. 451 (Bankr. N.D. Cal. 2000) held that a document may be considered a

21   return without satisfying the perjury requirement or purporting to be a return on its face if a

22   document: (1) discloses data from which tax liability can be calculated; (2) is executed by the

23   taxpayer; and (3) is lodged with the IRS. However, this line of cases was decided before *Hatton*

24   and the court does not find it persuasive.

25   Next, the court finds untenable appellant's argument that the legislative history of Section

26   523(a)'s hanging paragraph conflicts with and should control over the statute's plain meaning.

27   Specifically, appellant argues that the legislative history indicates Congress intended that "a

28   14-cv-05413-RMW
     ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT

United States District Court
Northern District of California

1    taxpayer who has provided information sufficient to complete a return" to taxing authorities

2    should have his or her tax liability discharged. Dkt. No. 9, at 10 10; *see also* 146 Cong. Rec.

3    S11716, Sec. 714 (daily ed. Dec. 7, 2000). Appellant contends that this intent should control over

4    the plain meaning of "written stipulation to a judgment or a final order entered by a nonbankruptcy

5    tribunal." This argument fails because the Supreme Court has explained that legislative intent

6    should control only "in the *rare* cases [in which] the literal application of a statute will produce a

7    result demonstrably at odds with the intentions of [the statute's] drafters." *United States v. Ron*

8    *Pair Enterprise, Inc.*, 489 U.S. 235, 242 (1989) (citing *Griffin v. Oceanic Contractors, Inc.*, 458

9    U.S. 564, 571 (1982) (emphasis added). This case certainly does not belong to such category

10   because the intent and the plain meaning of the third section are not at odds.

11          The court agrees with appellee that no judgment or final order was entered in CDS's

12   administrative petition for reassessment. The Stipulation only resulted in the withdrawal of the

13   petition from the CUIAB. AA 92. Therefore the Stipulation does not qualify as a return under the

14   plain meaning of the third section of Section 523(a)'s hanging paragraph. Consequently, because a

15   tax return is required to be filed under CUIC § 1088(a), but was not filed for the period from the

16   second quarter of 1982 through the second quarter of 1987, the court holds that the unemployment

17   insurance tax and the employment training tax levied in this case are non-dischargeable under 11

18   U.S.C. § 523(a)(1)(B)(i).

19          **C.     State Disability Insurance Withholdings and Personal Income Tax**
                   **Withholdings are Non-Dischargeable under 11 U.S.C. § 523(a)(1)(A) and 11**
20                 **U.S.C. § 507(a)(8)(C)**

21          The bankruptcy court found that the state disability insurance withholdings and state

22   personal income tax withholdings to be non-dischargeable under 11 U.S.C. § 523(a)(1)(A)

23   because they are "trust fund" taxes "required to be collected or withheld and for which the debtor

24   is liable in whatever capacity" under 11 U.S.C. § 507(a)(8)(C). AA 689. In his appeal, appellant

25   advances two arguments that these taxes are dischargeable: (1) both Ninth Circuit law and

26   California state statutes indicate that in order to constitute a "trust fund" tax for which an employer

27   is liable, the tax must actually be withheld from employees, and (2) appellant is not personally

28   14-cv-05413-RMW
     ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT

liable for the taxes owed by CDS because he did not "willfully fail to pay" them. Dkt. No. 5, at 19–21; 21–24. For reasons stated below, the court finds that both the state disability insurance withholdings and state personal income tax withholdings are non-dischargeable under 11 U.S.C. § 523(a)(1)(A).

Appellant cites several cases and state statutes in support of his first argument. First in *In re Kit Kat Club*, 55 F. Supp. 646, 647 (N.D. Cal. 1944), the court held that "if [an] employer failed to withhold the required amounts from his employee's wages, there would be no trust fund." The court also found that an employer is liable only "for contributions on his own behalf," but is not liable for "payment of the amounts due from his employees." *Id.* However, *In re Kit Kat Club* is of little relevance to the statute at issue here. *In re Kit Kat Club* was decided in 1944, and interprets Section 44 of the California Unemployment Insurance Act, as amended in 1937, which concerns the priority status, not *dischargeability*, of employment tax claims during bankruptcy. *See id.* at 647. Appellant does not explain why it should control the dischargeability of state disability insurance and state personal income tax withholdings. Moreover, CUIC § 13070(a) plainly imposes liability on the employer for the payment of the state personal income tax withholdings under CUIC § 13020 without regard to whether the withholdings have actually been made.[1] Similarly with respect to the state disability insurance withholdings, CUIC §987 unambiguously holds an employer "liable for any and all contributions" which his employees are required to make regardless of whether actual deductions have been made.[2] Appellant cites CUIC § 13070(b), which states "whenever any employer or person has withheld any amount pursuant to this division, the amount so withheld shall be held to be a special fund in trust" for the state, the court

---

[1] CUIC § 13070(a) provides that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under Section 13020, and shall not be liable to any person for the amount of such payment."

[2] CUIC § 987 provides that "[e]ach employer shall be liable for any and all contributions required to be made by his workers on account of wages which he has paid to them regardless of whether or not he has deducted the contributions from the workers' wages at the time they were paid, but no employer shall be liable for worker contributions required on behalf of himself or of any of his employees with respect to wages paid while there is in effect at the time the wages were paid a rule or regulation or interpretation of the director or of the department that such wages were not subject to such contributions."

1    finds this section merely instructive in nature, and that its plain meaning does not indicate an

2    actual-collection requirement.

3           Appellant also cites *In re Shank*, 792 F.3d 829, 831 (9th Cir. 1986), a case in which the

4    Ninth Circuit held that the predecessor of 11 U.S.C. § 507(a)(8)(C), Section 17(a)(1)(e), "excepted

5    from discharge taxes the debtor has collected or withheld from others." However, the court in *In re*

6    *Shank* simply recited the text of the predecessor statute without analyzing it, before going on to

7    describe the legislative history leading up to the statute's replacement. The court therefore finds *In*

8    *re Shank* unpersuasive.

9           Cote's final cited legal authority is the legislative history of 11 U.S.C. § 507(a)(8)(C),

10   which states that ". . . nondischarge [is] recognized for tax claims . . . for withheld income taxes."

11   S. Rep. 95-989, 95th Cong., 2nd Sess. 1987 at 5800. However, as discussed above, the plain

12   meaning of a statute controls over legislative history in the absence of ambiguity. *Coronado–*

13   *Durazo v. I.N.S.*, 123 F.3d 1322, 1324 (9th Cir. 1997) (citing *Ron Pair*, 489 U.S. at 242). In

14   examining 11 U.S.C. § 507(a)(8)(C)'s text, the court finds no such ambiguity. A tax "required to

15   be collected" is markedly and unambiguously different from a tax an employer "has collected."

16   The textual basis for an actual-collection requirement simply does not exist in this statute, and

17   therefore the court finds appellant's first argument untenable.

18          Appellant's second argument is that he is not personally liable for CDS's tax liability, as

19   required by 11 U.S.C. § 507(a)(8)(C). The CUIAB found Cote personally liable based on CUIC §

20   1735, which states that any person having charge of a corporation is personally liable for tax

21   liability owed by that corporation if he or she "willfully fails to pay" contributions required of that

22   corporation. Cote argues that he did not "willfully fail to pay" the tax. Dkt. No. 5, at 21–24. In

23   interpreting the phrase "willfully fails to pay," Cote relies on *Hawkins*, 769 F.3d at 665, which

24   interprets 11 U.S.C. § 523(a)(1)(C).  11 U.S.C. § 523(a)(1)(C) states that a tax which the debtor

25   "willfully attempted in any manner to evade or defeat" will be nondischargeable. The *Hawkins*

26   court holds that "willfully attempted… to evade or defeat [a] tax" requires "[a] specific intent to

27   evade the tax," not merely "spending in excess of income" or "living beyond one's means." Cote

*United States District Court*
*Northern District of California*

28

United States District Court
Northern District of California

1    argues that this court should follow *Hawkins*' holding in interpreting the willfulness element in

2    CUIC § 1735. Since the administrative law judge at the CUIAB found only that Cote had a

3    preference for paying certain creditors over others, but not a specific intent to evade (AA 144),

4    Cote argues that he did not "willfully" fail to pay and should not be personally liable for CDS's

5    tax liability under CUIC § 1735.

6    However, the court finds the willfulness element in CUIC § 1735 and that in 11 U.S.C. §

7    523(a)(1)(C) distinguishable. Appellant neglects to cite the preceding section of *Hawkins*, in

8    which the court discussed the difference between "willfully fail to pay" and "willfully attempt to

9    evade or defeat a tax." *Hawkins*, 769 F.3d at 668. The *Hawkins* court found that the Supreme

10   Court in *Spies v. United States*, 317 U.S. 492, 498 (1943) rejected the argument that a willful

11   failure to pay tax, coupled with a willful failure to file a return, constitutes a willful attempt to

12   evade or defeat a tax. *Id.* It is clear from this holding that both the Supreme Court in *Spies* and the

13   Ninth Circuit Court of Appeals in *Hawkins* recognize a distinct difference between the two

14   phrases, with "willfully attempt to evade or defeat a tax" being the more serious violation. In the

15   former case, the adverb "willful" modifies the verb "to pay," whereas in the latter case "willful"

16   modifies the verb phrase "attempt to evade or defeat." Accordingly, a taxpayer can willfully fail to

17   pay without attempting to evade or defeat the tax.

18   The court finds *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir.2001) instructive in defining

19   willfulness in the context of 11 U.S.C. § 523(a). In *Jercich*, the Ninth Circuit Court of Appeals

20   defines willfulness, as required for nondischargeability under 11 U.S.C. § 523(a)(6), as a

21   "deliberate act with knowledge that the act is substantially certain to cause injury." According to

22   the record, Cote was aware of outstanding tax liability resulted from the Stipulation, yet he

23   continued to operate CDS as the president without directing payments for the tax liability owed to

24   the EDD for almost two years before dissolving the company, thus injuring the state by making it

25   an unwilling creditor. AA 144. This act clearly constitutes a willful failure to pay contributions

26   under CUIC § 1735. The court therefore finds that Cote is personally liable for the contributions

27   and withholdings owed to the EDD by CDS. Because the state disability insurance withholdings

28   14-cv-05413-RMW

1   and state personal income tax withholdings are taxes required to be collected under CUIC § 13020

2   and for which appellant is liable under CUIC § 13070(a) and § 987, the court finds them non-

3   dischargeable under 11 U.S.C. § 523(a)(1)(A) and 11 U.S.C. § 507(a)(8)(C).

4   **III.  ORDER**

5        For the reasons set forth above, the judgment of the bankruptcy court is AFFIRMED.

6        **IT IS SO ORDERED.**

7   Dated: September 29, 2015



8

9   Ronald M. Whyte
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

14-cv-05413-RMW
ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT
11